IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL HERNANDEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:16-cv-2620 |
| | § | |
| KNIGHT TRANSPORTATION,  INC. | § | |
| AND HARRY COLLINS | § | JURY REQUESTED |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, KNIGHT TRANSPORTATION, INC. AND HARRY COLLINS, and hereby gives notice of their removal of Cause No. 2016-47298 filed in the 11th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1.     On or about April 9, 2016, Plaintiff was walking in the lane of traffic on Business 90 between Gulf Pump and McKinney when he was struck by the Knight Transportation's tractor and trailer in Harris County, Texas.  Plaintiff claims he was injured as a result of this collision and filed suit in state court.

2.     Plaintiff filed suit in state court on July 18, 2016.  Service of Citation and Petition and Discovery Requests was made on the registered for Knight Transportation, Inc. on August 5, 2016.  Service of Citation and Petition and Discovery Requests was made on Harry Collins on August 24,2016.  In Plaintiff's Petition there is a monetary claim for damages in an amount greater than $1,000,000.00, which exceeds the jurisdictional minimum.  The case has been on file for less than one year.  Removal is both timely and appropriate.

## Basis for Removal and Jurisdiction

3.     This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $1,000,000.00.

## Full Diversity Between the Parties

### Complete Diversity of Citizenship

4.     To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant.  28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties as the Plaintiff is a Texas citizen and none of the Defendants are Texas citizens or corporations

5.     Plaintiff, Samuel Hernandez, is a resident and citizen of the State of Texas.

6.     Defendant, Harry Collins, is a resident and citizen of the State of North Carolina.

7.     Defendant, Knight Transportation, Inc. is an Arizona corporation with its principal place of business in Arizona.

### Amount in Controversy

8.     In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

9.     Plaintiff is seeking more than $1,000,000.00 in damages, as stated in his Petition.

## Removal is Timely and Appropriate

10.     If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove.  28 U.S.C. §

1446(b).  A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds.  28 U.S.C. § 1446(b).  When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).   "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's Pleading voluntarily asserts an amount in controversy in excess of $1,000,000.00.  This removal is filed within the thirty (30) days of the service of Plaintiff's Petition.  The removal is both timely and appropriate.

## Jury Demanded

11.     Defendants request that the case be tried before a jury.

## Consent of Served Defendants

12.     Defendants, Knight Transportation, Inc. and Harry Collins, have been properly served and consent to this removal.

## Compliance with Local Rule and Notice Requirements

14.     Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

Exhibit A............List of State Court Filings

Exhibit B............Plaintiff's Original Petition and Discovery Requests (Requests for Production and Interrogatories) (07/18/16)

Exhibit C........Civil Process Pick-Up Form (07/25/16)

Exhibit D........Letter from Plaintiff's Counsel to the District Clerk (07/26/16)

Exhibit E.........Civil Process Pick-Up Form (08/02/16)

Exhibit F........Citation served on Knight Transportation (08/05/16)

Exhibit G.........Plaintiff's Motion for Substitute Service of Process with proposed
Order (08/25/16)

Exhibit H.........Citation Served on Harry Collins (08/24/16)

Defendants know of no orders signed by the state judge.

15.     Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be

given to Plaintiff.  A true and correct copy of this Notice of Removal will also be attached as an

exhibit with the written Notice of Removal filed with the clerk of the state court.


Respectfully submitted,

/s/ Roger D. Oppenheim

Roger D. Oppenheim
FBN: 14206
SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC.
AND HARRY COLLINS

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL HERNANDEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO.  4:16-cv-2620 |
| | § | |
| KNIGHT TRANSPORTATION,  INC. | § | |
| AND HARRY COLLINS | § | JURY REQUESTED |

### <u>INDEX OF MATTERS BEING FILED</u>

Defendants, KNIGHT  TRANSPORTATION,  INC.  AND  HARRY  COLLINS,  in connection with the removal of this case to the United States District Court for the Southern District of Texas, Houston Division, file their index of matters, as follows:

Exhibit A ........ List of State Court Filings

Exhibit B ........ Plaintiff's  Original  Petition  and  Discovery  Requests  (Requests  for Production and Interrogatories) (07/18/16)

Exhibit C ....... Civil Process Pick-Up Form (07/25/16)

Exhibit D ....... Letter from Plaintiff's Counsel to the District Clerk (07/26/16)

Exhibit E ....... Civil Process Pick-Up Form (08/02/16)

Exhibit F ........ Citation served on Knight Transportation (08/05/16)

Exhibit G ........ Plaintiff's Motion for Substitute Service of Process with proposed Order (08/25/16)

Exhibit H ....... Citation Served on Harry Collins (08/24/16)

Respectfully submitted,

/s/ Roger D. Oppenheim

Roger D. Oppenheim
FBN: 14206
SBN: 15292400

583016.1 PLD 0001479 10314 RDO

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC.
AND HARRY COLLINS

**CERTIFICATE OF SERVICE**

On this 29th day of August, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Michael Stanley
Amar Sood
Stanley Frank & Rose
7026 Old Katy Road, Ste. 259
Houston, TX 77024
mstandley@stanleylaw.com
asood@stanleylaw.com

/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim

**HCDistrictclerk.com**     HERNANDEZ, SAMUEL vs. KNIGHT          8/29/2016
                           TRANSPORTATION INC
                           Cause: 201647298     CDI: 7    Court: 011

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 71626053 | Citation | | 08/25/2016 | 2 |
| 71632176 | Exhibit A | | 08/25/2016 | 1 |
| 71644682 | Plaintiff's Motion for Substitute Service of Process | | 08/25/2016 | 2 |
| -> 71644683 | Proposed Order | | 08/25/2016 | 1 |
| 71399675 | Citation Corporate | | 08/08/2016 | 2 |
| 71316576 | Civil Process Pick-Up Form | | 08/02/2016 | 1 |
| 71222899 | Filing Letter | | 07/26/2016 | 1 |
| 71209085 | Civil Process Pick-Up Form | | 07/20/2016 | 1 |
| 71105666 | Plaintiffs Original Petition and Discovery Requests | | 07/18/2016 | 8 |
| -> 71105667 | Plaintiffs First Request For Production to Defendant Knight Transportation Inc | | 07/18/2016 | 12 |
| -> 71105668 | Plaintiffs First Set Of Interrogatories to Defendant Knight Transportation Inc | | 07/18/2016 | 10 |



9/18/2016 12:44:21 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11682059
By: Krystal Franklin
Filed: 7/18/2016 12:44:21 PM

## 2016-47298 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| SAMUEL HERNANDEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KNIGHT TRANSPORTATION, INC. and | § | |
| AND HARRY COLLINS | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SAMUEL HERNANDEZ, Plaintiff herein, and files this Original Petition complaining of KNIGHT TRANSPORTATION, INC. and HARRY COLLINS, Defendants herein, and would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.      Discovery in this case is intended to be conducted under a Level 2 plan under Rule 190 of the Texas Rules of Civil Procedure.

### II.
### CLAIM FOR RELIEF

2.      Plaintiff seeks monetary relief over $1,000,000.

### III.
### PARTIES

3.      Plaintiff SAMUEL HERNANDEZ (hereinafter "Hernandez") is a natural person residing in Harris County, Texas.

4.      Defendant KNIGHT TRANSPORTATION, INC. (hereinafter "Knight") is, on information and belief, a foreign corporation doing business in the state of Texas.  Knight may



be served with process through its registered agent, CT Corporation System, located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

5.    Defendant HARRY COLLINS (hereinafter "Collins") is an individual who is a resident of Gaston County, North Carolina and may be served with process at his residence located at 2332 Old Field Road, Gastonia, North Carolina 28056.

## IV.
## REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

6.    To the extent that any of the above-named Defendants is conducting business pursuant to a trade name or assumed name, then suit is brought against said Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendant answer in its correct legal and assumed names.

## V.
## VENUE AND JURISDICTION

7.    Venue is proper in Harris County pursuant to TRCP §15.002, *et seq.*, because the incident made the basis of this suit occurred in Harris County, Texas.

8.    Jurisdiction is proper because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VI.
## FACTS

9.    On or about April 9, 2016, Harry Collins was operating a commercial vehicle at or near the 1300 block of Beaumont Highway near its intersection with 500 McKinney in Harris County, Texas.   Suddenly, unexpectedly and without warning, Defendant Collins failed to control the speed and direction of the commercial vehicle he was driving and violently struck

Hernandez, who was a pedestrian.  As a proximate result of the collision, Hernandez sustained severe injuries and damages more fully described below.

10.     On information and belief, Defendant Collins was acting in the course and scope of his employment with Defendant Knight.

## VII.
## NEGLIGENCE OF DEFENDANT COLLINS

11.     Defendant Collins had a duty to operate the commercial motor vehicle he was operating to a high degree of care as required by common carriers. However, he disregarded this duty.  Such disregard for this duty consists of, but is not limited to, the following acts and/or omissions:

a.  Failing to control the speed of his vehicle;

b.  Failing to control the direction of his vehicle;

c.  Failing to take proper evasive action;

d.  Failing to avoid the collision;

e.  Failing to drive in a reasonably attentive manner;

f.  Failing to turn the vehicle to avoid the collision; and

g.  Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

## VIII.
## GROSS NEGLIGENCE OF DEFENDANT COLLINS

12.     The occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff were proximately caused by Collins.  Such wanton and reckless disregard for the safety of Hernandez consisted of, but is not limited to, the following acts and/or omissions:

a.  Failing to control the speed of the vehicle;

b. Violation of the laws of the State of Texas, including Texas Commercial Motor Vehicle Drivers Handbook §2.5.1, Collins failed to communicate his intentions with other drivers on the roadway;

c. Violation of the laws of the State of Texas, including Texas Commercial Motor Vehicle Drivers Handbook §2.17.1, Collins failed to steer to avoid a crash;

d. Violation of the laws of the State of Texas, including Texas Commercial Motor Vehicle Drivers Handbook §2.5.2, Collins failed to communicate his presence when passing a pedestrian;

e. Violation of the laws of the State of Texas, including Texas Commercial Motor Vehicle Drivers Handbook §2.8.1 and §2.8.3, Collins failed to observe hazards;

f. Violation of the Federal Motor Carrier Safety Act 49 C.F.R. §383.111 and §383.113, Collins failed to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedure for safe vehicle operations and lacked the required skills.

16.     On the occasion made the basis of this suit, Collins failed to comply with each of the above provisions of the Texas Transportation Code, the Texas Commercial Motor Vehicle Driver's Handbook and the Federal Motor Carrier Safety Act.  Hernandez was within the class of persons designed to be protected by the above-referenced statutes.  As such, Collins' conduct on the occasion in question constituted negligence *per se*, that is, negligence as a matter of law.  Collins negligence *per se* was a direct and proximate cause of the incident in question and Hernandez' injuries and damages.

**X.**
**RESPONDEAT SUPERIOR – DEFENDANT KNIGHT**

17.     At the time of the collision made the basis of this action, Collins was the agent, servant, and employee of Knight and was acting within the scope of his authority as such agent, servant, and employee.  At the time of the incident, Collins' negligence and/or gross negligence more thoroughly described below was a proximate cause of Hernandez' injuries and damages

5

described below.  Therefore, Knight should be held jointly and severally liable for the tortious

actions of their employee Collins pursuant to the doctrine of *respondeat superior*.

## XI.
## NEGLIGENT HIRING, TRAINING AND RETENTION – DEFENDANT KNIGHT

18.     Knight, pursuant to both statute and as ordinary prudent owners of an independent

distributor of interstate commerce, had a duty to investigate Collins prior to hiring Collins, had a

duty to investigate Collins prior to hiring Collins to drive a commercial motor vehicle on public

roads.  As part of regular hiring practices for commercial motor vehicle drivers, which are

prescribed both by statute and by common safety practices and procedures judged by the

reasonably prudent person standard, Knight had the duty to properly train, supervise, and

conduct a pre-employment investigation into Collins prior to hiring Collins as a commercial

motor vehicle driver.  Knight breached said duty by failing to properly train and conduct a pre-

employment investigation of Collins, both with regard to prior employment and with regard to

prior driving history.  Knight knew or should have known that their failure to conduct a pre-

employment investigation, including investigating Collins' prior employment history and with

regard to prior driving history could result in their hiring a commercial motor vehicle driver who

posed a danger to the safety of others.  This and other negligent acts and/or omissions of Knight,

singularly or in concert constitute a proximate cause of the resulting injuries and damages to

Hernandez as described below.  The occurrence made the basis of this suit and resulting injuries

and damages to Hernandez were proximately caused by Knight's careless, negligent, and

reckless disregard for the safety of Hernandez.

19.     Additionally and in the alternative, Knight had a duty to periodically test Collins'

abilities as a commercial motor vehicle driver and to gather updated information regarding

Collins' driving record and collisions.  Knight breached said duty, resulting in the retention of an

6

unqualified driver and allowing said unqualified driver to drive on the roads and highways along with the traveling public endangering lives of the traveling public.   Said breach of duty proximately caused damages to Hernandez as set forth below.

## XII.
## DAMAGES OF PLAINTIFF

20.     As a direct and proximate result of the actions and/or omissions of the Defendants described herein, Hernandez incurred medical expenses in the past and, in all reasonable probability, will sustain medical expenses in the future.

21.     As a direct and proximate result of the actions and/or omissions of the Defendants described herein, Hernandez experienced physical pain and suffering in the past and, in all reasonably probability, will sustain physical pain and suffering in the future.

22.     As a direct and proximate result of the actions and/or omissions of the Defendants described herein, Hernandez experienced physical impairment or physical incapacity in the past and, in all reasonably probability, will sustain physical impairment or incapacity in the future.

23.     As a direct and proximate result of the actions and/or omissions of the Defendants described herein, Hernandez experienced physical disfigurement in the past and, in all reasonably probability, will sustain physical disfigurement in the future.

24.     As a direct and proximate result of the actions and/or omissions of the Defendants described herein, Hernandez experienced loss of income in the past and, in all reasonably probability, will sustain loss of income in the future.

25.     Hernandez also pleads for exemplary damages in an amount within the jurisdictional limits of this Court.

## XIII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

26.     Hernandez is entitled to recover pre and post judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate until paid.

## XIV.
## RULE 194 REQUESTS FOR DISCLOSURE

27.     Pursuant to Tex. R. Civ. Proc. 194 all Defendants are requested to disclose within 50 days of service of this request, the information and material described in Rule 194.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff SAMUEL HERNANDEZ prays that Defendants KNIGHT TRANSPORTATION AND HARRY COLLINS be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff has judgment against said Defendants for damages described herein, for costs of suit, pre and post judgment interest at the highest legal rate, exemplary damages and for such other relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**STANLEY, FRANK & ROSE, LLP**

By:     /s/ Michael J. Stanley
        Michael J. Stanley
        State Bar No. 19046600
        mstanley@stanleylaw.com
        Amar Sood
        State Bar No. 24046882
        asood@stanleylaw.com
        7026 Old Katy Road, Suite 259
        Houston, Texas 77024
        Telephone:  713-980-4381
        Facsimile:  713-980-1179
        **ATTORNEY FOR PLAINTIFF**

8

Chris Daniel - District Clerk
Harris County
Envelope No: 11682059
By: FRANKLIN, KRYSTAL G
Filed: 7/18/2016 12:44:21 PM

## 2016-47298 / Court: 011

### CAUSE NO. _____

| | | |
|---|---|---|
| **SAMUEL HERNANDEZ** | § | IN THE DISTRICT COURT OF |
| | § | |
| **V.** | § | _____ COUNTY, TEXAS |
| | § | |
| **KNIGHT TRANSPORTATION, INC. and** | § | |
| **AND HARRY COLLINS** | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
### TO DEFENDANT, KNIGHT TRANSPORTATION, INC.

To:     Defendant **KNIGHT TRANSPORTATION, INC.**, by and through its registered agent for service, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

COMES NOW, **SAMUEL HERNANDEZ**, Plaintiff in the above-styled and numbered cause, and serves the attached First Request for Production to Defendant **KNIGHT TRANSPORTATION, INC.** pursuant to Rules 193 and 197 of the Texas Rules of Civil Procedure as shown below.

Respectfully submitted,

**STANLEY, FRANK & ROSE, LLP**

By:     /s/ Michael J. Stanley
        Michael J. Stanley
        State Bar No. 19046600
        Amar Sood
        State Bar No. 24046882
        7026 Old Katy Road, Suite 259
        Houston, Texas 77024
        Telephone: 713-980-4381
        Facsimile: 713-980-1179

**ATTORNEY FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

## DEFINITIONS AND REQUEST FOR PRODUCTION

The following terms have the following meanings, unless the context requires otherwise:

1.    As used herein, the terms **"you"** and **"your"** shall mean **Knight Transportation, Inc.**, Defendant, its departments and subdivisions, its employees, drivers, independent contractors, owners/operators, trip lessors and its attorneys, investigators, brokers, agents, or any other representatives.

2.    As used herein, the term **"documents"** shall mean all writings of every kind, source and authorship, both originals and all non identical copies thereof in your possession, custody, or control, or known by you to exist, irrespective of whether the writing in one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitations, the term shall include: affidavits; agendas; agreements; analysis; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs; notes, or memoranda of telephonic or face-to-face conversations, manuals; ;memoranda of all kinds, to and from any persons, agencies or entities, minutes, minute books, notes, notices, parts lists, papers, press releases, printed matter (including books, articles, speeches, and newspaper clippings); purchase orders, records, records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams, teletypes and other communications sent or received; transcripts of testimony, UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and

examined. It includes, but is not limited to, all electronic files that are electronically stored.

(a) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by E-Discovery & Digital Information Management (Second Edition) (2007).

(b) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by E-Discovery & Digital Information Management (Second Edition) (2007).

(c) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by E-Discovery & Digital Information Management (Second Edition) (2007).

(d) "Tangible thing" means a physical object that is not a document or electronically stored information.

A document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel production of such document or a copy thereof from a third party having actual physical possession of the document.

3. **"Person"** or **"persons"** means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

4. **Accident:** Unless otherwise defined in a specific request, the term **"Accident"**, as used herein, means the accident forming the basis of this suit.

5. **Accident Files and Records:** The term **"Accident Files and Records"**, as used herein, is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in Rule 1001, Rules of Evidence, and includes written or

3

recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents, letter to or form or records and reports required from the Defendant by other organizations, state and/or Federal governmental agencies.

6.      **Driver:** As used herein, the term **"Driver or Drivers"** means any person employed, or contracted for or with, by Defendant, including persons known as co-drivers, independent contractors, owner operators or trip lessors and includes persons furnished to the Defendant and drivers by any other person or organization who perform driving services for or on behalf of Knight Transportation, Inc.

7.      **Driver's Qualification File:** As used herein, the term **"Driver's Qualification File"**, means those records specifically required by the FMCSR Part 383, 383 and 391 (see Definitions "15" and "16") to be created and maintained by Texas Construction Company.

8.      **Driver's Personnel File:** The term **"Driver's Personnel File"**, as used herein, means any and all files, records, communications or documents created by a driver, Knight Transportation, Inc., or any other person or organization that contains documents directed to, received from or about a driver.

9.      **Trip-Operational Documents:** The term **"Trip"**, as used herein, is defined as a the transportation and/or movement of one load of cargo, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel empty or unloaded from that destination point to the next point or location of loading, end of trip or new trip origin .  Trip documents are applicable to the records generated for each trip made by Harry Collins during the time period requested.

10.     **Tractor:** The term **"Tractor"**, as used herein, unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by Harry Collins at the time the accident occurred.

11.     **Trailer:** The term **"Trailer"**, as used herein, unless otherwise defined in a specific request herein, means any Trailer that may have been attached to the power unit being operated by Harry Collins on the date of the accident.

12.     **Hours of Service Records:**  As used herein, the term **"Hours of Service Records"**, means any and all documents created in reference to the FMCSR Part 395 (see definitions "15" and "16"), including, but not limited to, driver's record of duty status or driver's daily logs, time worked cards or other time work records or summaries, Knight Transportation, Inc., administrative driver's record of duty status or log audits and/or 70/60-hour log audits or summaries along with any records or reports of violations or, any otherwise described documents advising Defendant's hours of service violations.  This specifically includes all advice, reprimands or warnings given or sent to Harry Collins or any of his co-driver(s) for violations of the FMCSR Part 395, Hours of Service of Drivers" Regulations created by or on behalf of Knight Transportation, Inc.

4

13. **Maintenance Files and Records:**  As used herein, the term **"Maintenance Files and Records"**, means those documents required to be created and/or maintained by Knight Transportation, Inc., in accordance with the FMCSR Part 396 (see Definitions "15" and "16", "Inspection, Repair and Maintenance."  This includes, but is not limited to all driver's Tractor and Trailer daily condition reports, all systematic and annual inspections, work or repair orders, list of add-ons and/or take-offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance and all summary type maintenance documents prepared by Defendant or other agencies or organizations, inclusive of any summary or computer generated type systematic lubrication, inspection and maintenance records and documents in the possession of Defendant on the Tractor or Trailer as defined in Definitions "10" and "11" herein.  This definition specifically includes any and all driver daily condition reports created by any driver and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of Defendant.

14. **CFR, Title 49, Parts 382 through 397:** As used herein, **"CFR Title 49"** means the "Code of Federal Regulations", Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Highway Administration, Subchapter B-Parts 382 through 397 titled the "Federal Motor Carriers Safety Regulations" in effect on the date of the accident in question, hereinafter referred to as "FMCSR, Parts 383, 383, 385, 387, 390, 391, 392, 393, 395, 396 or 397."

15. **FMCSR:**  As used herein, **"FMCSR"** means the "Federal Motor Carrier Safety Regulations" as defined in Definition 14 herein.

16. **FOMCHS:**  As used herein, **"FOMCHS"** means the Federal Governmental Entity within the Federal Department of Transportation known as the "Federal Office of Motor Carrier and Highway Safety, Field Operations", which is the federal agency having jurisdiction and field enforcement responsibilities for the FMCSR as in Definition "14" and "15" herein.

17. **TXMCSR:**  As used herein, **"TXMCSR"** means the "State of Texas Motor Carrier Safety Regulations" as adopted by the Texas Department of Public Safety in effect on the date of the accident.  These rules are basically the same as the Federal Motor Carrier Safety Regulations as defined in Definitions "14 – 16", herein and are applicable to motor carriers within the state of Texas.

18. **Communication:** The term **"communication"** means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

19. **Relating:**  The term **"relating"** means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

20. **Any:** The term **"any"** should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses

5

that might otherwise be construed to be outside its scope.

21.     **And & or:**   The connectives **"and"** and **"or"** should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

22.     **Complete and Clearly Readable Copies:**   As used herein, the terms **"Complete and Clearly Readable Copies"** means copies that are not reduced in size, unless the document being copies exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person.   Plaintiff requests that each document that is reproduce by copy methods to satisfy this request, be produced on one page (one document per page), separate and apart from all other documents produced.   If the copies reproduced to satisfy any request herein are not clearly readable, Plaintiff requests the originals be produced for purposes of viewing and copying thy the Plaintiff.   The originals will be timely returned to the producing defendant.

## Instructions

1.     Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2.     Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3.     Produce electronically stored information in native format or single-page searchable Adobe Tagged Image File Format (TIFF)}. Specifically, for documents currently in native format, convert them into TIFF and maintain all associated metadata, and for documents that cannot be converted into TIFF, notify requesting party of responding party's intended form of production that is either reasonably usable or as it is ordinarily kept. For any electronically stored information produced:

   a.     Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

   b.     Write all of the electronically stored information to a CD, DVD, or flash drive.

4.     For electronically stored information, identify every source containing potentially responsive information that Defendants are not searching or producing.

5.     If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

6.      For any materials that Defendants assert are privileged, protected, or otherwise exempt from discovery, provide the following:

    a.      The specific grounds for the claim of privilege, protection, or other exemption.

    b.      The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

    c.      The subject matter of the material.

    d.      The date of the material.

    e.      The name, job title, and address of the author of the material.

    f.      The name, job title, and address of each addressee of the material.

    g.      The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

    h.      The name, job title, and address of the custodian of the material and the material's current location.

7.      For any materials that you claim no longer exist or cannot be located, provide all of the following:

    a.      A statement identifying the material.

    b.      A statement of how and when the material ceased to exist or when it could no longer be located.

    c.      The reasons for the material's nonexistence or loss.

    d.      The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

    e.      The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, KNIGHT TRANSPORTATION, INC.

1.     A copy of the title to the vehicle that Defendant Harry Collins was operating at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

2.     All photographs of the vehicle that Defendant Harry Collins was operating at the time of the incident made the basis of this lawsuit from the time period of 6 months before the collision to 1 month after the collision.

**RESPONSE:**

3.     A copy of all post-collision repairs and estimates of the vehicle that Defendant Harry Collins was operating at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

4.     A copy of all incident reports made after the collision made the basis of this lawsuit.

**RESPONSE:**

5.     Any and all drawings, maps or sketches of the scene of the accident that has been made the basis of this lawsuit.

**RESPONSE:**

6.     A copy of any surveillance videos, movies or photographs that have been made of Plaintiff.

**RESPONSE:**

7.     Any and all photographs that Defendant has of the vehicles involved in the collision in question.

**RESPONSE:**

8.      A copy of all video taken inside/outside the vehicle that Defendant Harry Collins was operating at the time of the incident made the basis of this lawsuit.

**RESPONSE:**


9.      Any and all photographs that Defendant has of the scene of the accident or any other matter relating to this case.

**RESPONSE:**


10.     A copy of any movies, videotape or other reproduction of the accident scene.

**RESPONSE:**


11.     A copy of any survey or plat made of the accident scene.

**RESPONSE:**


12.     Any and all copies of the employment contracts, general leasing agreements as required by Section 376.11 of the Federal Motor Carrier Safety Regulations, or any other form of agreement entered into between Defendant Harry Collins driver with the person or entity that employed him at the time of the incident made the basis of this lawsuit for all or part of the calendar years 2011, 2012, 2013, 2014, 2015 and 2016.

**RESPONSE:**


13.     A copy of all training procedures issued to drivers of the person or entity for whom Defendant Harry Collins was working at the time of the incident made the basis of this lawsuit.

**RESPONSE:**


14.     A copy of the entire contents of the employment file of Defendant Harry Collins that was kept by the person or entity that employed him at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

15.     A copy of all applications for employment with the person or entity that employed Defendant Harry Collins at the time of the incident made the basis of this lawsuit as required by Section 391.21 of the FMSCR.

**RESPONSE:**

16.     A copy of Defendant Harry Collins driver qualification file as required by Section 391.51 of the FMSCR.

**RESPONSE:**

17.     Any and all copies and/or results of all investigations and inquiries done by you regarding Defendant Harry Collins Section 391.23 of the FMSCR.

**RESPONSE:**

18.     The annual review conducted by you of Defendant Harry Collins' driving record for the years 2013-2016 as required by Section 391.25 of the FMSCR.

**RESPONSE:**

19.     Any records of violations of motor vehicle traffic laws and ordinances by Defendant Harry Collins while employed by the person or entity that employed him at the time of the incident made the basis of this lawsuit as required by Section 391.27 of the FMSCR.

**RESPONSE:**

20.     The tests and results of any road tests given to Defendant Harry Collins by the person or entity that employed him at the time of the incident made the basis of this lawsuit as required by Section 391.31 of the FMSCR.

**RESPONSE:**

21.     Defendant Harry Collins driver's certificate of driver's road test as required by Section 391.31 of the FMSCR.

**RESPONSE:**

10

22.     A copy of Defendant Harry Collins' Texas Commercial Driver's License as required by Section 391.33 of the FMSCR. .

**RESPONSE:**


23.     Copies of the results of any pre-employment tests for controlled substances administered to Defendant Harry Collins by the person or entity that employed him at the time of the incident made the basis of this lawsuit as required by Section 382.301 of the FMSCR.

**RESPONSE:**


24.     The results of any post-collision test for alcohol and/or controlled substances administered to Defendant Harry Collins after the accident made the basis of this lawsuit as required by Section 382.303 of the FMSCR.

**RESPONSE:**


25.     The results of any random alcohol and controlled substance testing administered to Defendant Harry Collins pursuant to Section 382.305 of the FMSCR.

**RESPONSE:**


26.     The results of any random alcohol and controlled substance testing administered to Defendant Harry Collins of reasonable suspicion pursuant to Section 382.307 of the FMSCR.

**RESPONSE:**


27.     A copy of your driver's safety manual.

**RESPONSE:**


28.     All documents regarding Defendant Harry Collins' records of duty status including the graph grid for each of the seven (7) days prior to the accident made the basis of this lawsuit, as required by Section 395.8 of the FMSCR.

**RESPONSE:**

11

29.     All documents regarding the daily driver vehicle inspection reports for two (2) weeks prior to and including the date of the accident as required by Section 396.11 of the FMSCR.

**RESPONSE:**

30.     All documents regarding the periodic inspections done on the vehicle involved in the accident made the basis of this lawsuit as required by Section 396.17 and 396.21 of the FMSCR.

**RESPONSE:**

31.     All documents, including log books, lists, and records, that detail the type of cargo or load that was on the vehicle/trailer involved in the accident made the basis of this lawsuit.

**RESPONSE:**

Chris Daniel - District Clerk
Harris County
Envelope No: 11682059
By: FRANKLIN, KRYSTAL G
Filed: 7/18/2016 12:44:21 PM

**2016-47298 / Court: 011**

CAUSE NO. _____

| | | |
|---|---|---|
| **SAMUEL HERNANDEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **_____ COUNTY, TEXAS** |
| | § | |
| **KNIGHT TRANSPORTATION, INC. and** | § | |
| **AND HARRY COLLINS** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, KNIGHT TRANSPORTATION, INC.

To:     Defendant **KNIGHT TRANSPORTATION, INC.**, by and through its registered agent for service, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

COMES NOW, **SAMUEL HERNANDEZ**, Plaintiff, in the above-styled and numbered cause, and serves the attached First Set of Interrogatories to Defendant pursuant to Rules 193 and 197 of the Texas Rules of Civil Procedure as shown below.

Respectfully submitted,

**STANLEY,  FRANK &  ROSE, LLP**

By:     /s/ *Michael J. Stanley*
Michael J. Stanley
State Bar No. 19046600
Amar Sood
State Bar No. 24046882
7026 Old Katy Road, Suite 259
Houston, Texas 77024
Telephone:  713-980-4381
Facsimile:  713-980-1179

**ATTORNEY FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

## DEFINITIONS

As used in this set of Interrogatories, the following terms shall have the meanings described below, unless the context clearly indicated otherwise:

**"PLAINTIFF"** means **SAMUEL HERNANDEZ**, Plaintiff's agents, representatives and all other persons acting in concert with Plaintiff, or under Plaintiff's control, including any attorney.

**"DEFENDANT" "YOU"** and **"YOUR"**, means **KNIGHT TRANSPORTATION, INC.** along with its agents, representatives, and all other persons acting in concert with it, or its control, including any attorney.

 **"CLAIM"** means the insurance claim at issue in this lawsuit described in Plaintiff's live pleadings.

**"DOCUMENT"** means any medium upon which intelligence or information can be recorded or retrieves, and includes without limitation, the original and each non-identical copy regardless of origin and location.  This definition specifically includes, but is not limited to voice mail messages and files, backup voice mail files, e-mail messages and files, backup email files, deleted email, data files, program files, backup and archival tapes, temporary files, system history files, web site information stored in textual, graphical or audio format, web site log files, cache files, cookies, and other electronically recorded information.  If any document requested herein is no longer in your possession, custody or control because of destruction, loss, or any other reason, then with respect to each such document describe the nature of the document, state the date of the document, identify the persons who sent and received the original and a copy of the document, state in as much detail as possible the contents of the document, and state the manner and date of disposition of the document.  A document is deemed to be within your custody and control if you have a superior right to compel the production of the document from the third party.

**"IDENTIFY":**

a.   When used in reference to a person, "identify" means to state his/her full name, present or last known residence address, present or last known business address and telephone number.

b.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

c.   When used in reference to a document, "identify" shall include statement of the following:

1.  the title, heading or caption, if any, of such document;

2.  the identifying number(s), letter(s) or combinations thereof, if any; and the significance or meaning of such number(s), letter(s) or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

3.  the date appearing on such documents; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such documents was prepared;

4.  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such documents to be precisely identified;

5.  the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared;

6.  the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addresses, to whom such document, or a copy thereof, was sent; and

7.  the physical location of the document and the name of its custodian or custodians.

**"PARTY"** means any party to this lawsuit, including each party's agents, employees, attorneys, representatives, predecessors, successors, affiliates, partners, officers, directors, principals and any and all other persons acting or purporting to act on the party's behalf or under the party's control.

**"PERSON"** means individuals, associations, partnerships, corporations, and any other type of entity or institution.

**"POLICY"** means the insurance policy at issue in this lawsuit described in Plaintiffs live pleading.

**"PROPERTY"** means the real property, improvements, structures, appurtenant structures and contents described in Plaintiff's live pleading.

**"WRITING"** means any and all handwritten material, typewritten material, printed material, photocopies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or other representation which would constitute a writing within the means of the Texas Rules of Civil Evidence 1001(1).

1. "You" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and anyone less action on your or their behalf.

2. "Anyone" acting on your behalf includes your agents, employees, insurance companies, their agents, employees, your attorneys, investigators, and consultants.

3. "Person" includes a natural persons, corporation, association, partnership, sole proprietorship or public entity.

4. "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5. "Writing" means any and all handwritten material, typewritten material, printed material;, photocopies, photographs, and every other means of recording upon any tangible thing, together, with any form of communication or any other representation which would constitute a writing the meaning of the Texas Rules of Evidence.

6. "Set forth and identification" or "Identify" means to describe in writing with such particularity as you would require in a Motion to Produce or in a document description in a subpoena duces tecum.

7. "This accident" or "this subject incident" or "the accident made the basis of this lawsuit" refers to the accident or the incident described in the complaint filed by Plaintiff unless the sentence indicated otherwise.

8. "Your vehicle" or "this vehicle" refers to the vehicle of which you were the driver, owner, or occupant, that was involved in the accident or incident described in the complaint filed by Plaintiff.

9. "Accident scene" or "accident site" refers to the geographic location where the accident or incident described in Plaintiff's complaint occurred.

10. "Or" means and/or.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## KNIGHT TRANSPORTATION, INC.

**INTERROGATORY NO. 1:**  Please identify each person answering these interrogatories on your behalf, include in your answer each person who provided any information which was used in the compilation of these answers and explain each such person's contribution.

**ANSWER:**

**INTERROGATORY NO. 2:**  Describe in detail how the occurrence made the basis of this lawsuit happened, stating all events relating to the occurrence in their sequential order, identifying all participants to the occurrence, and describing in detail any acts or omissions of the plaintiff that you allege contributed to the occurrence.

**ANSWER:**

**INTERROGATORY NO. 3:**  If you claim that the conduct of the plaintiff, or any other person or entity, caused or contributed to cause the incident made the basis of this lawsuit or the plaintiffs injuries, please detail each and every such allegation.

**ANSWER:**

**INTERROGATORY NO.4:**  Describe in detail any conversations, communications that you have had with the plaintiff or plaintiffs representative, or statements taken from the Plaintiff. For each such communication please state:

     a.     the date of each such statement

     b.     the name and address of the person to whom each such statement was given;

     c.     the name and address of each person present at the time of each statement; and

     d.     the contents or substance of each such statement in complete detail.

**ANSWER:**

**INTERROGATORY NO.5:**  Describe your relationship with the Defendant Harry Collins as it existed at the time of the collision made the basis of this suit and as it exists today. Your answer should include a statement of whether the driver was employed by you, when he began his employment with you, whether the driver was an independent contractor, whether the occasions

in the past in which you had contracted with him and a complete description of any document that describes your relationship, i.e. employment agreement, independent contractor agreement, indemnity agreement, etc.

**ANSWER:**

**INTERROGATORY NO.6:**  Describe in detail the usual and customary hours that Defendant Harry Collins worked, including the days and times, for the period of time beginning one year before the collision made the basis of this suit and ending six months after the collision made the basis of this suit.

**ANSWER:**

**INTERROGATORY NO.7:**  If you have been a party to litigation filed by a person alleging damages for personal injuries as a result of an on the road trucking accident during the last 10 years, identify the cause number, all parties, court, date of filing, resolution, and briefly describe the factual basis of all such claims.

**ANSWER:**

**INTERROGATORY NO.8:**  Describe in detail all physical damage that your vehicle suffered in the collision made the basis of this suit. Your answer should include the cost of any repairs made or estimates of any repairs that could be made to your vehicle, and the identity(ies) of any person or entity that made such repairs to your vehicle.

**ANSWER:**

**INTERROGATORY NO.9:**  Describe the manner in which you compensate your drivers i.e., by the hour, by the mile traveled, by the load, by commission, by straight salary, or explain any other method used and any variations as to Defendant Harry Collins' pay for the load that was involved in the collision at issue.

**ANSWER:**

**INTERROGATORY NO.10:**  State your policy with respect to retention and destruction of driver's logs and trip receipt and explain any differences between that policy and the manner in which the Defendant Harry Collins' logs and trip receipts for the trip in question were treated.

**ANSWER:**


**INTERROGATORY NO.11:**  State your policy with respect to the operational speeds for your truck and explain exactly how you enforce compliance.

**ANSWER:**


**INTERROGATORY NO.12:**  State your policy on outfitting your motor vehicles with cameras and explain how you determine which vehicles to install them on.

**ANSWER:**


**INTERROGATORY NO.13:**  State your policy with retaining camera footage from your motor vehicles.

**ANSWER:**


**INTERROGATORY NO.14:**  State your policy with respect to having your drivers report their accidents and explain what they are supposed to do with respect to helping persons who have been injured, protecting their equipment, making statements to the police, making statements to other persons involved in the accident, making statements to bystanders, and all other actions and inactions required.

**ANSWER:**


**INTERROGATORY NO.15:**  Identify each person who was employed by your company or contracted by your company both at the time of the accident in question and the time that these interrogatories are answered, who had knowledge of your company's safety policies and operations, investigation of the accident in question, maintenance and repair of the truck in question, movement of the truck and its loads, and maintenance of company records. Including at least the following persons:

a.    Safety Director

b.    Director of Fleet Safety Program

c.    Medical Review Officers

d.    Director of Employee Assistance Program

e.    Personnel Director

f.    Dispatcher(s) who dispatched the rig from the time it left home base on the date of the collision until the time of the accident

g.    Mechanic(s) who worked on the tractor and trailer for the six months preceding the accident.

h.    Defendant Harry Collins' immediate supervisor

i.    Person(s) who administered both the driving test and the written test as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 39131 and 391.35 to Defendant Harry Collins.

j.    Other persons on board the rig in question at the time of the accident.

k.    Insurance loss control expert from any carriers insurance company who has inspected your operations.

l.    President

m.    Chairman of the Board

n.    Chief Executive Officer

o.    Officer or official in charge of operational safety

p.    Person(s) who investigate the accident in question for you.

**ANSWER:**


**INTERROGATORY NO.16:** With respect to the rig involved in the accident, give its complete configuration including at least the following information.

a.    Style of cab

b.  Weight of tractor

c.  Empty wright of tractor

d.  What the load was at the time of the accident

e.  The weight of the load at the time of the accident

f.  Length, width, and height of the tractor in

g.  Question length, width, and height of the trailer in

h.  Question licenses held by the tractor

i.  Licenses held by the trailer

j.  The make and model of the cab

k.  The make, model and the horsepower of the

l.  Engine the make model and gear ratios

m.  Rear end the make and model of transmission

n.  The make, model and type of axels

o.  The speed potential of the rig as configured

p.  The make and model of the trailer

q.  The maximum weight recommended to be carried in the trailer by the manufacturer

r.  The make(s), model(s), and type(s) of all the brakes located on the rig

s.  The make and model of the fifth wheel

t.  The makes and sizes of all the tires and mileage on the steering tires

u.  All changes from the original configuration (with and explanation as to why each change was implemented)

v.  Identify, including address, of the person or entity from whom the rig was purchased

    w.      Make and model of governor on the tractor, as well as speed at which governor is set to regulate

    x.      The make and model of each of the following that may have been on board the tractor in question at the time if the accident:

        1.      Radar detector
        2.      Fax machine
        3.      Telephone
        4.      Beeper
        5.      Tachometer
        6.      Computer
        7.      Sound system

**ANSWER:**

**INTERROGATORY NO.17:** The name and contact information of the person who performed the last service on your commercial motor vehicle operated by Defendant Harry Collins before the incident made the basis of this lawsuit.

**ANSWER:**



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK



ENTERED
VERIFIED *H.S.*

## Civil Process Pick-Up Form

CAUSE NUMBER: 201647298

ATY ____✓____     CIV _____     COURT ___11___

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY REQUESTING: Stanley, Michael    PH: (713) 980-4381

*ATTORNEY CONTACT: _____    PH: _____

*CIVIL PROCESS SERVER: Court Records Research    BOX: 107

*PHONE: _____

*PERSON NOTIFIED SVC READY: Nancy _____

* NOTIFIED BY: C. Matos _____

DATE: 7-25-2016

Type of Service Document: Citation    Tracking Number 73268495
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____

## Process papers prepared by: Krystal Franklin

Date: 07 - 20 -2016    30 days waiting 8 - 20 -2016

*Process papers released to: ___CA Bravo___
(PRINT NAME)

7. 820-5253 _____
*(CONTACT NUMBER)    (SIGNATURE)

*Process papers released by: Shanice Richardson
(PRINT NAME)

Shanice Richardson
(SIGNATURE)

* Date: 7. 25-16 , 2016    Time: two    AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

DEFENDANT'S
EXHIBIT
C
ALL-STATE LEGAL®

7/26/2016 11:14:07 AM
Chris Daniel - District Clerk Harris County
Envelope No. 11825940
By: Marcella Hill
Filed: 7/26/2016 11:14:07 AM

# Stanley, Frank & Rose LLP

7026 Old Katy Road, Suite 259
Houston, Texas 77024
713.980.4381 telephone
713.980.1179 facsimile

July 26, 2016

District Clerk
CIVIL INTAKE
201 Caroline, Suite 110
Houston, TX 77002

**RE:** **C/N 2016-47298; *Samuel Hernandez v. Knight Transportation, Inc. and Harry Collins;* In the 11th Judicial District Court of Harris County, Texas.**

Dear Clerks:

I would like to request a citation for the above referenced case:

- Defendant HARRY COLLINS, is an individual who is a resident of Gaston County, North Carolina and may be served with process at his residence located at 2332 Old Field Road, Gastonia, North Carolina 28056.

Should you have any questions, please feel free to contact our office.

Sincerely,

Nancy Villafranco
Legal Secretary

Unofficial Copy Office of Chris Daniel District Clerk



DEFENDANT'S
EXHIBIT
D



ENTERED _____
VERIFIED _UC_

# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

**CAUSE NUMBER:** _2016-47298_

ATY _____    CIV _X_    COURT _ALL_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: _Stanley, Michael_    PH: _713-980-4381_ |
| *CIVIL PROCESS SERVER: _Box 107 CRR_ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: _____ |
| * NOTIFIED BY: _Marcella Hill_ |
| DATE: _8-2-16  10.45 am_ |

Type of Service Document: _Ctr_    Tracking Number _73272486_
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____
Type of Service Document: _____    Tracking Number _____

Process papers prepared by: **Marcella Hill**

Date: _8-2_ 2016    30 days waiting _9-2-16_

| |
|---|
| *Process papers released to: _GA (CRR)_ |
|   (PRINT NAME) |
| _7. __ 5353_ |
| *(CONTACT NUMBER)    (SIGNATURE) |
| *Process papers released by: _Shaniece Richardson_ |
|   (PRINT NAME) |
|   _SRichardson_ |
|   (SIGNATURE) |

* Date: _8-2-16_ , 2016    Time: _100_ _AM_ / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

DEFENDANT'S EXHIBIT
ALL-STATE LEGAL®
_E_

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: KNIGHT TRANSPORTATION INC (A FOREIGN CORPORATION) MAY BE SERVED
THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM

350  N ST PAUL STREET SUITE 2900   DALLAS TX  75201

Attached is a copy of  <u>PLAINTIFF'S ORIGINAL PETITION & DISCOVERY REQUESTS</u>.

This instrument was filed on the ___18th___ day of ___July___ _____, 20__16__, in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___20th___ day of
___July___ _____, 20__16__.

Issued at request of:
STANLEY, MICHAEL J.
7026  OLD KATY RD, SUITE 259
HOUSTON, TX  77024
TEL: (713) 980-4381
Bar Number: 19046600

**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O.Box 4651, Houston, Texas 77210**

**Generated by:** FRANKLIN, KRYSTAL GAYLE
Q8I//10436074

## OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____
                                                                          (STREET ADDRESS)                                         (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                              (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                          (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____.
                                                                          (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____

By: _____
                    (SIGNATURE OF OFFICER)

Printed Name: _____

_____
Affiant Other Than Officer

As Deputy for: _____
                              (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____

DEFENDANT'S
EXHIBIT
F
ALL-STATE LEGAL®

## CAUSE NO. 2016-47298

SAMUEL HERNANDEZ
VS.

IN THE 11TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS

KNIGHT TRANSPORTATION, INC.
AND HARRY COLLINS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, ___Guy C. Connelly___ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is ___Guy C. Connelly___ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

2701 W. 15th, Plano, TX 75075

(SERVER'S ADDRESS)

2. ON ___8/5/16___ (DATE) AT ___10: 00___ (_A_) M (TIME) CITATION CORPORATE PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS came to hand for delivery to KNIGHT TRANSPORTATION INC (A FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM.

3. ON ___8/5/16___ (DATE) AT ___11:30 10:00___ (_A_) M (TIME) - The above named documents were delivered to: KNIGHT TRANSPORTATION INC (A FOREIGN CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM by delivering to

___Laura Perez, P.S.___

(NAME AND TITLE), authorized agent for service @

___1999 Bryan, Suite 900, Dallas, TX 75201___

(ADDRESS), by CORPORATE Service

SIGNATURE
SCH# __2201__ EXPIRATION: __9/30/18__

Guy C. Connelly

AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by Guy C. Connelly appeared on this __5__ day of __August__ 2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

ANNA M CONNELLY
My Commission Expires
March 1, 2019

8/25/2016 12:17:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12365830
By: Suzanne Gillaspie
Filed: 8/25/2016 12:17:52 PM

## CAUSE NO. 2016-47298

| | | |
|---|---|---|
| SAMUEL HERNANDEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KNIGHT TRANSPORTATION, INC. and | § | |
| AND HARRY COLLINS | § | 11TH JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE OF PROCESS

Plaintiff, SAMUEL HERNANDEZ, asks the Court to authorize substitute service on defendant, HARRY COLLINS.

## I.
## INTRODUCTION

1.      Plaintiff, Samuel Hernandez, sued defendant, Harry Collins, for personal injuries sustained as a result of a trucking accident.

## II.
## BACKGROUND

2.      Defendant's usual place of abode is 2332 Old Field Road, Gastonia, NC 28056.

3.      Plaintiff attempted to serve defendant on seven occasions by personal delivery but has not been successful despite plaintiff's due diligence. *See* Exhibit "A". An Affidavit is attached to this motion to verify the attempts at service and is incorporated by referenced. Plaintiff hired a private process server to handle service of process. *See* Exhibit A.    Attempts were made for personal service, some of the attempts revealed that the Defendant Collins resides at the address but was not home. *See* id.



DEFENDANT'S
EXHIBIT
G

### III.
### ARGUMENTS AND AUTHORITIES

4.      Because Plaintiff has not been able to serve defendant, plaintiff asks the Court to authorize plaintiff to serve defendant by leaving a true copy of the citation and the attached petition with anyone older than sixteen years of age at   2332 Old Field Road, Gastonia, NC 28056.

### PRAYER

For these reasons, plaintiff asks the Court to authorize substitute service on defendant.

Respectfully submitted,

STANLEY, FRANK & ROSE, LLP

By:   /s/ *Michael J. Stanley*
Michael J. Stanley
State Bar No. 19046600
mstanley@stanleylaw.com
Amar Sood
State Bar No. 24046882
asood@stanleylaw.com
7026 Old Katy Road, Suite 259
Houston, Texas 77024
Telephone:  713-980-4381
Facsimile:  713-980-1179

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

CAUSE NUMBER: 2016-47298

SAMUEL HERNANDEZ
PLAINTIFF

VS.

KNIGHT TRANSPORTATION, INC. AND HARRY
COLLINS
DEFENDANT

IN THE 11TH JUDICIAL DISTRICT COURT OF
HARRIS COUNTY, TEXAS

## AFFIDAVIT IN SUPPORT OF MOTION FOR ALTERNATE SERVICE

BEFORE ME, the undersigned authority, on this day ___J A Moser___ (server) , personally appeared before me and stated under oath as follows:

My name is ___J A Moser___ (server) . I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

**On Tuesday August 02, 2016 AT 3:28 PM - , CITATION_(NON-RESIDENT), PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS** came to hand for service upon **HARRY COLLINS.**

**On Wednesday August 03, 2016 at 8:36 PM** - I attempted service at 2332 OLD FIELD ROAD, GASTONIA, NC 28056, U.S.A. I spoke with the defendant's wife who was on the phone with the defendant. He and the company are aware he is to be served, but he will be on the road.

**On Thursday August 04, 2016 at 1:00 PM** - I attempted service at 2332 OLD FIELD ROAD, GASTONIA, NC 28056, U.S.A. There was no answer at the residence.

**On Thursday August 04, 2016 at 7:16 PM** - I attempted service at 2332 OLD FIELD ROAD, GASTONIA, NC 28056, U.S.A. There was no response at the residence.

**On Friday August 05, 2016 at 8:30 AM** - I attempted service at 2332 OLD FIELD ROAD, GASTONIA, NC 28056, U.S.A. The defendant's wife is the most kind, she stated the defendant was not home.

**On Friday August 05, 2016 at 6:00 PM** - I attempted service at 2332 OLD FIELD ROAD, GASTONIA, NC 28056, U.S.A. There was no answer at the residence.

**On Saturday August 06, 2016 at 10:00 AM** - I attempted service at 2332 OLD FIELD ROAD, GASTONIA, NC 28056, U.S.A. Mr. Collins drives semi and is not home.

**On Saturday August 06, 2016 at 4:30 PM** - I attempted service at 2332 OLD FIELD ROAD, GASTONIA, NC 28056, U.S.A. The defendant is not home, he is out on work.

It is my belief that **HARRY COLLINS**, would receive effective notice of this suit by leaving a copy of the ,**CITATION_(NON-RESIDENT), PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS** with anyone over the age of sixteen or securely attaching them to the front door, or mailed by certified mail, return receipt requested and/or by regular mail, pursuant to Rule 106 TRCP at place of abode, **2332 OLD FIELD ROAD, GASTONIA, COUNTY NC 28056 U.S.A.**

**FURTHER AFFIANT SAYETH NOT.**

SERVERS SIGANTURE

J A Moser
SERVERS PRINTED NAME

SWORN TO AND SUBSCRIBED before me by ___J A Moser___ appeared on this _8th_ day of _August 2016_
2016 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF

2016.08.159633

BOBBY S. POOLE, JR.
NOTARY PUBLIC
Gaston County
North Carolina
My Commission Expires: 3-13-2018

EXHIBIT A

Chris Daniel - District Clerk
Harris County
Envelope No: 12365830
By: GILLASPIE, SUZANNE M
Filed: 8/25/2016 12:18:00 PM

CAUSE NO. 2016-47298

| | | |
|---|---|---|
| SAMUEL HERNANDEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KNIGHT TRANSPORTATION, INC. and | § | |
| AND HARRY COLLINS | § | 11TH JUDICIAL DISTRICT |

## ORDER GRANTING MOTION FOR SUBSTITUTE SERVICE

After considering plaintiff, Samuel Hernandez's Motion for Substitute Service and the supporting affidavit, the Court the motion meritorious. The Court finds plaintiff's attempts to serve defendant have been unsuccessful and finds the substitute service requested in plaintiff's motion will be reasonably effective to give defendant, Harry Collins, notice of the suit.

The Motion for Substitute Service is GRANTED. The Court authorizes service on defendant, Harry Collins by posting service of process on the door of the following address, or by service to an individual of 18 years of age or older at the following addresses:

2332 Old Field Road, Gastonia, NC 28056

SIGNED this _____ day of _____, 2016.

_____
PRESIDING JUDGE

AINTIFF: HERNANDEZ SANCHEZ
vs.
FENDANT: KNIGHT TRANSPORTATION INC

Judicial District Court
of Harris County, Texas
11TH DISTRICT COURT
Houston, TX

CITATION (NON-RESIDENT)

E STATE OF TEXAS
unty of Harris

: COLLINS, HARRY
  2332 OLD FIELD ROAD  GASTONIA NC 28056

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION & DISCOVERY REQUESTS</u>

is instrument was filed on the <u>18th day of July, 2016</u>, in the above cited cause number
d court. The instrument attached describes the claim against you.

  YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
itten answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
xt following the expiration of 20 days after you were served this citation and petition,
default judgment may be taken against you.

  OFFICER SERVING:
  This citation was issued on 2nd day of August, 2016, under my hand and
al of said Court.

sued at request of:
ANLEY, MICHAEL J.
26 OLD KATY RD, SUITE 259
USTON, TX 77024
l: (713) 980-4381
r No.: 19046600

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline     Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: HILL, MARCELLA DIANA   DBG//10436074

ATE OF _____

OFFICER/AUTHORIZED PERSON RETURN

unty of _____

RSONALLY APPEARED before me, the undersigned authority, _____
o being by me duly sworn, deposes and says that in the County of _____
ate of _____ he delivered to the within named defendants in person at the
llowing times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|------|------|------|------|-------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |

true copy of this notice, with a copy of:

ccompanying same; and further, that he is an adult and is in no manner interested in this suit
d is the person competent to make oath of the fact.

AFFIDAVIT
ATTACHED

_____
Affiant/Deputy

n this day, _____
ignature appears on the foregoing return, personally appeared . After being by me
/she stated that this citation was executed by him/her in the exact manner recit
eturn.

DEFENDANT'S EXHIBIT
H
ALL-STATE LEGAL

NO. 2016-47298

SAMUEL HERNANDEZ                          §
                                          §
                                          §
VS.                                       §        IN THE 11TH JUDICIAL DISTRICT COURT OF
                                          §        HARRIS COUNTY, TEXAS
                                          §
KNIGHT TRANSPORTATION, INC. AND HARRY     §
COLLINS                                   §

## AFFIDAVIT OF SERVICE

**BEFORE ME**, the undersigned authority, on this day  August 24th, 20 (server), personally appeared and stated under oath as follows:

1. My name is  JA MOSER  (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

Corut Record Research, Inc. PO Box 3796 Houston, TX 77253 3796
**(SERVER'S ADDRESS)**

2. ON August 24/16 (DATE) AT  3:40 P.M.  (__)M (TIME) ,CITATION  (NON-RESIDENT), PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS came to hand for delivery to HARRY COLLINS.

3. ON  Aug 24 2016 (DATE) AT  5:10 p.m.  (__) M (TIME) The above named documents were delivered to: HARRY COLLINS by delivering to:

2332 Old Field Road Gastonia, NC 28056
**(ADDRESS)**, by Personal Service, in accordance to Rule 108 TRCP.

**FURTHER AFFIANT SAYETH NOT.**

_J A Moser_
**SERVER'S SIGNATURE**

JA Moser NC Private Process Server
**SERVER'S PRINTED NAME**
For Court Record Research, Inc.

**SWORN TO AND SUBSCRIBED** before me by  JA Moser  (server) appeared on this  24th
day of  August  , 2016 to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF**

2015.08.163974

BOBBY S. POOLE, JR.
NOTARY PUBLIC
Gaston County
North Carolina
My Commission Expires: 3-13-2016

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SAMUEL HERNANDEZ** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.  4:16-cv-2620** |
| | § | |
| **KNIGHT TRANSPORTATION,  INC.** | § | |
| **AND HARRY COLLINS** | § | **JURY REQUESTED** |

### LIST OF PARTIES, COUNSEL OF RECORD AND STATUS

**PLAINTIFF:**
Samuel Hernandez

**DEFENDANTS:**
Knight Transportation, Inc.
Harry Collins

## ATTORNEYS:

**ATTORNEY FOR PLAINTIFF:**
Michael Stanley
SBN:  24033318
FBN:
**STANLEY FRANK & ROSE**
7026 Old Katy Road, Ste. 259
Houston, TX 77024
713/980-4981
713/980-1179 (fax)
mstandley@stanleylaw.com

**ATTORNEY FOR DEFENDANT**
Roger D. Oppenheim
SBN:  15293400
FBN:  14205
**LORANCE & THOMPSON, PC**
2900 North Loop West, Ste. 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com

## STATUS OF REMOVED CASE:

July 18, 2016         Plaintiff's Original Petition and Discovery Requests

August 29, 2016       Defendants' Notice of Removal

Defendants, Knight Transportation, Inc. and Harry Collins, have been served with the Plaintiff's Original Petition and Discovery Requests.  Defendants have not filed responses to written discovery.  No depositions have been taken.  The matter has not been mediated.  The case has no trial setting or other court ordered deadlines.

Respectfully submitted,

/s/ Roger D. Oppenheim

Roger D. Oppenheim
FBN: 14206
SBN: 15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANTS
KNIGHT TRANSPORTATION, INC.
AND HARRY COLLINS

## CERTIFICATE OF SERVICE

On this 29th day of August, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Michael Stanley
Amar Sood
Stanley Frank & Rose
7026 Old Katy Road, Ste. 259
Houston, TX 77024
mstandley@stanleylaw.com
asood@stanleylaw.com

/s/ Roger D. Oppenheim

Roger D. Oppenheim